UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER RICARDO,

    Plaintiff,

                            Case No.

v.

THE JAMES MADISON INSTITUTE
FOR PUBLIC POLICY STUDIES, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CHRISTOPHER RICARDO, (hereinafter "RICARDO"), by and through his undersigned counsel, sues Defendant, THE JAMES MADISON INSTITUTE FOR PUBLIC POLICY STUDIES, INC., (hereinafter "JMI" or "Defendant") and states as follows:

1. This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action pursuant to 38 U.S.C. § 4323(b) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 38 U.S.C. § 4323(c)(2) because JMI maintains a place of business within this judicial district. JMI is an employer within the meaning of 38 U.S.C. § 4303(4)(C) and 38 U.S.C. § 4323(i). Additionally, venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this judicial district.

## PARTIES

4. Ricardo is a former employee of JMI who resides in Leon County, Florida, which is within the jurisdiction of this Court.

5. JMI is an employer within the meaning of 38 U.S.C. § 4303(4)(A) with its principal place of business located at 100 North Duval Street, Tallahassee, Florida.

## FACTUAL ALLEGATIONS

1. Ricardo has been a member of the United States Air Force Reserve ("Air Force Reserve") since September 13, 2012 and currently holds the rank of Staff Sergeant. At all times relevant hereto, his home base was Eglin Air Force Base, located in Okaloosa County, Florida.

2. Ricardo began working for JMI in September, 2016 and was employed until August 23, 2017. The last position he held at JMI was as the Director of Donor Relations.

3. Throughout the time of his employment with JMI, Ricardo was a full-time employee.

4. From July 27, 2017 through August 11, 2017, Ricardo was on leave for his Annual Tour ("AT") obligations to the Air Force Reserves. In addition to his AT obligation, he also had to work his regularly scheduled Unit Training Assembly ("UTA") with the Air Force Reserves which extended his leave until August 15, 2017.

5. During his time serving AT and UTA, Ricardo continued to work part-time, remotely, for JMI.

6. Upon his return to work at JMI on August 16, 2017, Ricardo notified the employer that he would have to serve a six-month deployment in 2019.

7. Ricardo had an additional UTA scheduled for September 9-10, 2017, which would not have interfered with his duties at JMI.

8. On August 23, 2017, JMI, through Bob McClure and Rebecca Liner, notified Ricardo that he was being terminated from employment.

9. On September 18, 2017, Ricardo received a letter from JMI advising that his position had been eliminated.

10. In fact, Ricardo's position had not been eliminated, but instead had been filled by another, non-service connected, employee.

## Count I – USERRA- Violation of 38 U.S.C. § 4311

11.  Plaintiff incorporates herein paragraphs 1-10 by reference.

12.  Plaintiff satisfied USERRA's reemployment-eligibility criteria, set forth at 38 U.S.C. § 4312(a), in relation to his last absence from his position of employment with Defendant that was necessitated by reason of Plaintiff's federal military service—

   a. Plaintiff was absent from his position of employment with Defendant by reason of federal military service.

   b. Such service was service in the uniformed services as defined by 38 U.S.C. § 4303(13) and (16).

   c. Plaintiff gave Defendant advance notice of such service.

   d. Plaintiff reported back for reemployment with Defendant prior to the expiration of 91 days after Plaintiff's period of service began.

   e. The combined length of Plaintiff's periods of uniformed service during his employment relationship with Defendant did not exceed five years, excluding any period of service exempted by 38 U.S.C. § 4312(c) from computation of USERRA's five-year service limitation.

13.  Defendant discriminated against Plaintiff on the basis of his membership in, performance of service in, and/or service obligation in a uniformed service.

14. In so violating USERRA, Defendant acted willfully.

15. As a result of Defendant's violations of §4311 of USERRA, Plaintiff suffered loss of wages and loss of benefits.

WHEREFORE, Plaintiff requests that the Court:

    a. Declare that Defendant violated 38 U.S.C. § 4311.

    b. Order Defendant to reemploy Plaintiff in full compliance with 38 U.S.C. § 4311 with retroactive seniority and benefits.

    c. Order Defendant to pay Plaintiff all lost wages.

    d. Order Defendant to pay Plaintiff all lost paid benefits.

    e. Order Defendant to pay Plaintiff an amount equal to the amount of lost wages and lost benefits as liquidated damages.

    f. Order Defendant to pay Plaintiff prejudgment interest.

    g. Award Plaintiff attorney's fees.

    h. Award Plaintiff litigation expenses.

    i. Pursuant to 38 U.S.C. § 4323(e), use the Court's full equity powers to vindicate fully the rights and benefits of Plaintiff under USERRA.

## **Count II – USERRA- Violation of 38 U.S.C. § 4313**

16. Plaintiff incorporates herein paragraphs 1-10 by reference.

17. Should the Court determine that Defendant did not discriminate against Plaintiff in violation of 38 U.S.C. § 4311, Plaintiff pleads Count 2 in the alternative.

18. Plaintiff satisfied USERRA's reemployment-eligibility criteria, set forth at 38 U.S.C. § 4312(a), in relation to his last absence from his position of employment with Defendant that was necessitated by reason of Plaintiff's federal military service—

   a. Plaintiff was absent from his position of employment with Defendant by reason of federal military service.

   b. Such service was service in the uniformed services as defined by 38 U.S.C. § 4303(13) and (16).

   c. Plaintiff gave Defendant advance notice of such service.

   d. Plaintiff reported back for reemployment with Defendant prior to the expiration of 91 days after Plaintiff's period of service began.

   e. The combined length of Plaintiff's periods of uniformed service during his employment relationship with Defendant did not exceed five years, excluding any period of service exempted by 38 U.S.C. § 4312(c) from computation of USERRA's five-year service limitation.

19. Defendant reemployed Plaintiff on August 16, 2017.

20. In so violating USERRA, Defendant acted willfully.

21. As a result of Defendant's violations of §4313 of USERRA, Plaintiff suffered loss of wages and loss of benefits    .

WHEREFORE, Plaintiff requests that the Court:

a. Declare that Defendant violated 38 U.S.C. § 4313.

b. Order Defendant to reemploy Plaintiff in full compliance with 38 U.S.C. § 4313(a)(1), with retroactive seniority and benefits.

c. Order Defendant to pay Plaintiff all lost wages.

d. Order Defendant to pay Plaintiff all lost paid benefits.

e. Order Defendant to pay Plaintiff an amount equal to the amount of lost wages and lost benefits as liquidated damages.

f. Order Defendant to pay Plaintiff prejudgment interest.

g. Award Plaintiff attorney's fees.

h. Award Plaintiff litigation expenses.

i. Pursuant to 38 U.S.C. § 4323(e), use the Court's full equity powers to vindicate fully the rights and benefits of Plaintiff under USERRA.

Dated this 13th day of December, 2018.

Respectfully submitted,

/s/ ***Tiffany R. Cruz***
Tiffany R. Cruz, FBN 90986
LAW OFFICES OF FRIEDMAN &
ABRAHAMSEN
524 E. College Avenue
Tallahassee, FL 32301
(850) 681-3540
Tiffany@fa-laywers.com
ATTORNEY FOR PLAINTIFF

8