UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER RICARDO,

       Plaintiff,                     Case No. 4:18cv571-MW/CAS

v.

THE JAMES MADISON INSTITUTE
FOR PUBLIC POLICY STUDIES, INC.,

       Defendant.
_____/

## DEFENDANT THE JAMES MADISON INSTITUTE FOR PUBLIC POLICY STUDIES, INC., ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPAINT

COMES NOW, JAMES MADISON INSTITUTE FOR PUBLIC POLICY STUDIES, INC., ("Defendant" or "James Madison Institute"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 8 and 12, and hereby files its Answer to Plaintiff's Complaint and in support thereof states:

1. Defendant admits the nature of the action but denies liability and that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

2. Defendant admits the nature of the action for jurisdictional purposes only based on the alleged claims but denies liability and that Plaintiff is entitled to any relief.

1

3.     Defendant admits the allegations in paragraph 3 for venue purposes only but denies liability and that Plaintiff is entitled to any relief.

## PARTIES

4.     Defendant admits that Plaintiff is a former employee. Defendant lacks knowledge or information sufficient to form a belief to the truth about the remaining allegations and therefore the remaining allegations are denied.

5.     Admitted.

## FACTUAL ALLEGATIONS[1]

1.     The allegations in this newly numbered paragraph 1 are admitted in part and denied in part. Admitted that Plaintiff has military experience. Defendant lacks knowledge or information sufficient to form a belief to the truth about the remaining allegations and therefore the remaining allegations are denied.

2.     Admitted Plaintiff was an employee but the characterization of his employment is denied to the extent liability is denied and that his personnel records best reflect his status during his employment including dates of employment.

3.     Admitted Plaintiff was an employee but the characterization of his employment is denied to the extent liability is denied and that his personnel records best reflect his status during his employment.

---

[1] For purposes of consistency the Defendant has responded to the Plaintiff's enumerated allegations to correspond with the re-numbered paragraphs beginning at the "Factual Allegations" section of the Complaint beginning at paragraph 1.

2

4. Defendant lacks knowledge or information sufficient to form a belief to the truth about the allegations and therefore the allegations are denied.

5. Defendant lacks knowledge or information sufficient to form a belief to the truth about the allegations and therefore the allegations are denied.

6. Defendant lacks knowledge or information sufficient to form a belief to the truth about the allegations and therefore the allegations are denied.

7. Defendant lacks knowledge or information sufficient to form a belief to the truth about the allegations and therefore the allegations are denied.

8. Admitted that Plaintiff was separated from employment but the characterization of that separation is denied to the extent liability is denied.

9. Defendant lacks knowledge or information sufficient to form a belief to the truth about the allegations and therefore the allegations are denied.

10. Denied.

## COUNT I

11. Defendant re-alleges and incorporates its responses 1-10 by reference.

12. Defendant lacks knowledge or information sufficient to form a belief to the truth about the allegations and therefore the allegations are denied.

13. Denied.

14. Denied.

15. Denied.

Plaintiff's "Wherefore" paragraph does not appear to contain allegations that must be admitted or denied but Defendant denies the same out of an abundance of caution and that Plaintiff is entitled to any relief or trial by jury.

## COUNT II

16. Defendant re-alleges and incorporates its responses 1-10 by reference.

17. Defendant denies liability and that Plaintiff is entitled to any relief.

18. Defendant lacks knowledge or information sufficient to form a belief to the truth about the allegations and therefore the allegations are denied.

19. Defendant lacks knowledge or information sufficient to form a belief to the truth about the allegations and therefore the allegations are denied.

20. Denied.

21. Denied.

Plaintiff's "Wherefore" paragraph does not appear to contain allegations that must be admitted or denied but Defendant denies the same out of an abundance of caution and that Plaintiff is entitled to any relief or trial by jury.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff cannot establish a *prima facie* case of a USERRA violation.

3. Assuming, *arguendo*, that Plaintiff has suffered damages, each and every alleged cause of action set forth therein, is barred, in whole or in part, due to

Plaintiff's failure to mitigate any alleged damages. In the alternative, to the extent Plaintiff has mitigated any alleged damages, Defendant is entitled to a set-off for any interim earnings, benefits or other income.

4. Defendant asserts that it has acted in good faith at all times toward Plaintiff and without any intent to deprive him of his rights and did not willfully violate Plaintiff's rights.

5. To the extent discovered during litigation, Plaintiff's claims are barred in whole or in part by the statute of limitations.

6. To the extent discovered during litigation, after-acquired evidence of the Plaintiff's misconduct may bar some or all of Plaintiff's claims, allegations, or alleged damages.

7. Plaintiff's claims are barred, in whole or in part, on grounds that some of the damages and relief claimed by Plaintiff are not available and any alleged damages are subject to all applicable limitations and caps on damages.

8. Defendant denies that Plaintiff is entitled to a jury trial in this matter for all or part of his claims.

9. Defendant asserts and *reserves the right* to amend these *Affirmative Defenses* to assert *additional* defenses as they may become known to Defendant.

10. Any alleged violation of USERRA by Defendant was not willful and was wholly unintentional as Defendant acted in good faith at all times. Plaintiff's

claims for liquidated damages are subject to the applicable limitations on such damages.

11. Plaintiff is not entitled to any recovery for the damages asserted as all monies due and owing to Plaintiff was paid by Defendant.

12. Any actions of Defendant toward Plaintiff were taken in good faith and for legitimate, non-discriminatory, non-retaliatory business reasons, wholly unrelated to Plaintiff's rights or exercise thereof, under USERRA.

13. To the extent discovered during litigation and where applicable, Plaintiff never provided Defendant notice of any alleged protected activity pursuant to USERRA regarding military obligations or alternatively any alleged notice or alleged protected activity was not sufficient to qualify or be considered compliant with USERRA.

14. To the extent discovered in litigation, Plaintiff's claim(s) may be barred in whole or in part by the doctrines of laches, estoppel, unclean hands, and/or waiver.

15. All actions taken by Defendant were taken in good faith compliance with all applicable laws, rules, or regulations.

16. Any employment action of which the Plaintiff complains would have occurred regardless of any alleged protected class or any alleged protected activity

and the "same decision" affirmative defense has been satisfied in this case where applicable.

17. To the extent discovered in litigation, Plaintiff has failed to timely exhaust his administrative remedies or satisfy all conditions precedent prior to instituting the instant action.

18. Plaintiff cannot establish a causal connection between his purported protected activities and rights pursuant to USERRA and any business decisions by Defendant.

**WHEREFORE**, after due proceedings are had, Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety and with prejudice and that Defendant be awarded his attorneys' fees and costs associated with defending this action.

Respectfully submitted this 28th day of January 2019.

/s/ *Jason E. Vail*
Michael Mattimore
Florida Bar No. 335071
Mmattimore@anblaw.com
Jason E. Vail
Florida Bar No. 0014031
jvail@anblaw.com
ALLEN, NORTON & BLUE, P.A.
906 N. Monroe Street
Tallahassee, FL 32303
(850) 561-3503

Counsels for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Electronic Mail through the Court's e-filing system on this 28th day of January 2019, upon:

Tiffany R. Cruz<br>
Law Office of Friedman & Abrahamsen<br>
Tallahassee, Florida 32301

          /s/ *Jason E. Vail*
          Attorney